AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
**FILED**
MAY 0 9 2016
, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jose Manuel ALANIZ | ) | Case No. M-16-0885-M |
| U.S.C. | ) | |
| (YOB: 1987) | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 6, 2016** in the county of **Zapata** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 (a) (1) | Knowingly and intentionally possess with intent to distribute approximately 56.20 kilograms of cocaine HCL, a schedule II controlled substance. |

This criminal complaint is based on these facts:

On May 6, 2016, Drug Enforcement Administration (DEA) agents and Texas Department of Public Safety (DPS) agents conducted surveillance at a residence located at 105 Illinois Street, Zapata, TX that was suspected to be used as a narcotics stash house. At approximately 5:00 p.m., agents approached the residence and were greeted by (continued on Attachment I)

☑ Continued on the attached sheet.

*Complainant's signature*

Ashley Brazelton, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/9/2016

*Judge's signature*

City and state: McAllen, Texas

Dorina Ramos, U.S. Magistrate Judge
*Printed name and title*

Attachment I

a male subject who identified himself as Jose Manuel ALANIZ who stated he was the renter of the property. DEA and DPS agents identified themselves as law enforcement officers to ALANIZ. ALANIZ stated that there was no criminal activity occurring at his property and was unaware of any previous criminal activity, at which point he gave agents both verbal and written consent.

During the course of the search, agents found packaging materials inside the residence as well as in a garbage bin. These packaging materials, plastic wrap and tire wheel grease are materials consistently used by narcotics traffickers for concealing narcotics to evade canine detection. Shortly after, agents discovered a large piece of luggage located in the brush beyond the property's rear fence line. The luggage contained fifty (50) brick shaped bundles wrapped in black and clear plastic consistent with the manner in which narcotics are concealed. ALANIZ was subsequently placed under arrest.

DEA agents read ALANIZ his Miranda Rights in his preferred language of English. ALANIZ acknowledged his Rights and agreed to speak with the agents. ALANIZ told agents he was paid $1,000.00 to utilize his property to house narcotics. ALANIZ claimed ownership of the narcotics that were in the luggage behind the property. ALANIZ also stated that prior to the arrival of law enforcement, an unknown male subject appeared at the residence, took the luggage containing the narcotics from the house, and placed it in the brush behind the property to conceal the narcotics.